Good morning, Your Honors. My name is Karen Bucher, and I represent the appellant, Kenneth Bradford, and with the Court's permission, I'd like to reserve two minutes for rebuttal. This is the case where the appellant was on parole, and the police searched his home without a valid warrant. So the question in this case is whether or not at the time of Mr. Bradford's conviction, which was in 1998, was the search an invalid parole search, and if so, were his attorneys ineffective for failing to argue that during the trial and on the appeal? And the answer to that question is yes. In 1998, there was U.S. Supreme Court authority which provided, even though parolees had a diminished expectation of privacy, it wasn't totally eliminated. Any search of a parolee still had to be reasonable under the Fourth Amendment, and reasonableness was you have to have some sort of suspicion. Now, in this case, there was no evidence that the police knew that there was a crime being committed inside his home at the time. And during the trial, his attorney relied on People v. Reyes, which is a California Supreme Court case which held that California parolees do not have an expectation of privacy. He conceded that it was a valid parole search and argued on other grounds. But attorneys have to rely on Federal law. Federal law and not State law provides or governs the extent of protection the Fourth Amendment provides. And he relied on the State law versus the Federal law. And in Crawford, this Court, a couple months ago, said something very interesting. The Court noted California's ruling in the Fourth Amendment. Kennedy. Also quite possibly wrong. Excuse me? Also quite possibly wrong. What? People v. Reyes? Crawford. I don't believe so. Very interesting, but quite possibly wrong. Well, in this case, what I'm referring to, the Court said, noted that the California Supreme Court's ruling in People v. Reyes, that parolees have no expectation of privacy, and found that a search of a California parolee must comport with the demands of the Federal Constitution. And there's one sentence in Crawford that sums up my entire argument. And unless the Court has questions, I don't have anything further to say, so I'll be repeating what I want to make. Okay. Crawford came down, and if you're going to show he's ineffective, I guess he would have had to know that at the time, at the time he was doing it, that Federal law required a search on reasonable suspicion at the time, right? Correct. And what you're arguing is Crawford says that was the law at the time. Is that your argument? No, my argument is the law at the time was Griffin v. Wisconsin. Okay. That was the law in 1998. Griffin v. Wisconsin was decided in 1987. Mr. Bradford was convicted in 1998. How does Griffin clearly establish that a parolee is entitled to a search based on reasonable suspicion? Because in that case, it clearly stated that that was a probation case. But even probationers have expectation of privacy. Everyone does. But in that case they didn't. Yeah. Okay. It didn't say parolee is entitled to a search based on reasonable suspicion. That's what would have to be clearly established, right, for the counsel to be ineffective and not knowing that. I mean, you have to do a few steps to get Griffin to control this situation, don't you? Well, in Crawford, this Court did say that both Griffin and Nights, which is a case that came down later. Nights is also after the time this counsel, at the time of the State court proceeding, right? The lawyer would have to anticipate Nights and Crawford. Those two cases. He would have to anticipate those two cases. No. Your Honor, I disagree. I believe. He would. I mean, if he relied on the latest case from the California Supreme Court. So it's not like he missed the case. He was aware of all of the cases. What he didn't do is that he didn't anticipate that the law would develop in a particular direction, that Nights would say what it said. And then that Crawford would say what it said. Or the Crawford would stay on the books, which is not certain, right? Well, Nights did confirm what Griffin had to say. The law was always there. Reasonable suspicion is always required. Well, no. Nights said reasonable suspicion is enough.  Nights said nothing of the sort. That just happened to be what the standard was in Nights. And they said, oh, well, no, you don't need probable cause. Reasonable suspicion is enough. They could have said nothing is enough, too. We don't know. They weren't addressing the question of whether the police could just knock on the door randomly and say, hey, Your Honor, apparently we feel like looking at your house today. That question wasn't presented in Nights. I see the only way you win this is if you can show that there is some clearly established law that he missed. And I'm telling you that from my point of view, I didn't see it in Griffin. So if you see it somewhere else, you can explain to me how Griffin makes it clear, not just an implication from Griffin, which I think is what Crawford says. There's an implication in Griffin. But I don't think an implication is enough to show ineffective assistance. Your Honor, my reading of the case, it was clear to me that from my reading that reasonable suspicion is required in order to search a probably appropriate probationer. Based on what? State law? What is it that gave you that conviction? The site that I have is. Your wishful thinking is not good enough. The site I have is at Griffin, 483 at 880 through 881. Okay. And you base it entirely on Griffin? Yes. And then as time went by, Nights came down and confirmed what Griffin had to say. And then after Nights. But again, Griffin was like Nights. It was a case where they said this is good enough. It doesn't say, well, that's required. I'm sorry, Your Honor. Griffin was a case where they said reasonable grounds, reasonable suspicion is good enough. They didn't say it's required. They simply said no more is required. There's nothing about it that said you couldn't adapt the standard that California did, which is the lowest standard, the lowest standard being we can do it all we want so long as it's not arbitrary and capricious. That's perfection. Nothing in Griffin precludes that. Your Honor, I read it differently. I would have to pull the case and find the exact quote that I'm relying on. Would you like to look at the case? Yes. Here it is. I'm sorry? Here it is. Do you have your own copy? I'm going to look for it while the opposing counsel is arguing. I only have two minutes left. Okay. Good morning, Your Honors. Nora Gentleman, Deputy Attorney General, appearing on behalf of Warden D.L. Reynolds. There are several things I'd like to point out. First, according to California law at the time the suppression hearing was made, reasonable suspicion was not required for an otherwise warrantless parole search and the California Supreme Court ruled that a search was reasonable under the Fourth Amendment unless it was found arbitrary and capricious. In this instance, Petitioner's counsel did actually argue in the suppression motion and at the hearing to try to distinguish Rays on the basis that this search was not a parole search at the time. It was based on a warrant. However, the court indicated that it was not going to go with that argument and that it was going to follow California Supreme Court precedent at the time. Based on the trial court's inclinations to agree with the prosecutor, the Petitioner's counsel changed his tactics and decided to argue that it was an arbitrary and capricious search. His change in tactic was reasonable and was not ineffective, as did the counsel. He did attempt to distinguish the currently existing California Supreme Court authority. However, based on that apparent failure of that argument, he proceeded to follow with the most meritorious argument he could make at the time. I was trying to see whether the first argument or the main argument may be not necessary to resolve it, and I was trying to figure out whether the trial court had actually found reasonable suspicion. She didn't say so, but she had this hearing. She listened to the informant as well as the detective, and then I looked at the language in the warrant, which has specific things to say about Mr. Bradford. So is there any way to put that together to find that there really was a finding of reasonable suspicion, or is it lacking? It doesn't appear in the record that there was a specific finding of reasonable suspicion. In fact, there was a problem with the record in that it wasn't even clear initially whether the trial court had denied the suppression motion and then it had to be determined later. It was resent back to the trial court, where the trial court did say that it had denied the suppression motion because there was no arbitrary and it ruled that it wasn't arbitrary and capricious, the officer's search. But according to California Supreme Court authority at the time, there didn't have to be reasonable suspicion because of the parole search. And so the trial court didn't have to make a finding of reasonable suspicion because the trial court was going with the California Supreme Court. I guess I'm asking you, is there – can we tell from this record that there was reasonable suspicion, or we can't – or is it not possible to tell? I think – well, the problem is that the hearings were held in camera, and I think that makes it very difficult to determine whether there was reasonable suspicion or not. I think that it's – impliedly, the trial court may have found reasonable suspicion, but without knowing what actually occurred during the in-camera hearings with both the detective and the informant, it's difficult to tell. So I don't know. With regard to the California court's decisions not being contrary to currently to U.S. Supreme Court authority, the U.S. Supreme Court has ruled in Andrade v. Lockyer that the relevant – that the holdings of the U.S. Supreme Court at the time of the relevant California court decisions are the clearly established authority that should be followed under ADAPA. And here, the only clearly established – Well, yeah, but that doesn't work quite with an ineffective assistance of counsel claim, because whereas you may be ineffective – counsel may be ineffective for missing relevant authority, sometimes counsel can be ineffective for missing future developments in the law. I mean, after all, the way future developments in the law get to be developments in the law is because some lawyer is smart enough to see the law as changing, raise an objection, set it up for appeal, present it, and eventually it gets taken. So I don't think we can look – I think what we have to do, even with ADAPA in place, is to ask the question, what would a reasonable lawyer at the time of the hearing in this case, the suppression hearing in this case, what would the lawyer have argued? Would he have limited himself to the California standard based on the California Supreme Court case, or would he have raised an argument, but no, I think the law is – requires more, requires reasonable suppression, and basically raised a coffer kind of argument. I think we have – I think that is included within ineffective assistance. I think it's – you're not just – when you come to the edge of the current precedent, you don't just fall off. I think you do have some responsibility to look in the future. But in this case, it sounds to me like it's really way around the corner. I agree that it's a – It's really the problem. I'm sorry, Your Honor? It's really the problem. It's really way around the corner. They would really – what they would have had to anticipate is Crawford and anticipate what none of us yet know, is whether Crawford is going to be the – Right. He's going to be the last word on this issue. Right. I agree with Your Honor. I do agree under Strickland that, you know, counsel's duty is to try to make arguments that he thinks will succeed. I don't think that Strickland requires for you to have effective assistance of counsel that your counsel be the most clever or come up with the most novel arguments. I think under Strickland, it's an objective standard of reasonableness. And in this case, counsel did try to distinguish the – The regular clunky counsel standard. Yes, Your Honor, the regular clunky counsel standard. I think counsel here did try to distinguish California Supreme Court authority. And based on current United States Supreme Court authority at the time, I think he was effective in proceeding with an arbitrary and capricious argument in light of the trial court's argument – excuse me, in light of the trial court's responses to the prosecution. If Crawford had been on the books at the time and final, of course, it would not have been binding on the Supreme Court. That's correct, Your Honor. But you agree, do you not, that if it existed out here, as President, counsel at that point should have argued the Crawford theory in the hopes that it could be set up for possible certiorari in the United States Supreme Court? I think that's an arguable point. I think that based on the fact that Crawford is not binding and it's not United States Supreme Court authority, I think that an attorney would have discretion in whether he would choose to actually argue that law. Crawford's not binding on California courts, and I think it would not be ineffective of a sensitive counsel to choose not to argue that authority in light of the fact that it wasn't binding on California courts and it wasn't United States Supreme Court authority. I think either way, if someone chose to argue and they chose not to, I think it would not be ineffective if they chose not to. Okay. Thank you. If Your Honor has no further questions, I'll submit. Thank you. Ms. Burkhardt, you were looking at Griffin, I think is what you were looking at. Yes, Your Honor. I'm going to start off with Crawford. There's a sentence in Crawford that says, I know that you didn't go back to Griffin like I asked you to find what those sentences are. I'll go back to Griffin. Judge O'Connor sometimes has a way of over-reading precedent. And within Griffin right now, under the pressure of sitting here. I don't want to put it differently.  I don't want to put it differently. In the case right now, I couldn't find exact language except for in the head note, which says all that is required is that the information provided indicates, as it did here, the likelihood of facts justifying the search, which means to me you need reasonable suspicion. And it's pages 875. And it says all that is required. It doesn't mean that less wouldn't do than all that's required in this case. There's nothing in Griffin that says the standard couldn't be lower. It just says the standard that's there, which is lower than Powell-Clause, is okay. So all we know, nothing's okay, too. Your Honor, I just read it a little bit differently. To me, what is required is reasonable suspicion. I'll submit on my briefs unless there are other questions. Good enough. Okay, Your Honor. You may submit. Thank you.
judges: Kozinski, Tg Nelson, Restani